# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.V., a minor, by and through her Guardian ad Litem, CLAUDIA VALENCIA,<br><br>Plaintiff,<br><br>v.<br><br>DELANO UNION ELEMENTARY SCHOOL DISTRICT; ROSALINA RIVERA; ANA RUIZ; MICHELLE PELAYO and DOES 1 through 100, inclusive,<br><br>Defendants. | 1:17-cv-00780-LJO-JLT<br><br>**ORDER GRANTING MOTION TO DISMISS (ECF NO. 7)** |

## I. PRELIMINARY STATEMENT TO PARTIES AND COUNSEL

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Harris to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. Chief District Judge Lawrence J. O'Neill, who must prioritize criminal and

1

older civil cases.

Civil trials set before Chief Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Chief Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from inside or outside the Eastern District of California.

## II. **INTRODUCTION**

This case was removed from the Superior Court for the County of Kern on the basis of federal question jurisdiction. ECF No. 1 at 2. Plaintiff, who is a student with an intellectual disability, was enrolled as a student in Delano Union Elementary School District ("District"), participating in both special education as well as non-special education classes. *Id.*, Exhibit A ("Compl.") ¶ 13. The Complaint alleges that one of Plaintiff's teachers, Michelle Pelayo, "threaten[ed], discriminate[d] [against], humiliate[d], and degrade[d] students." *Id.* ¶ 15(a). It is also alleged that other Defendants, including the District, Superintendent Rosalina Rivera, and Principal Anna Ruiz, "knew or reasonably should have known that Defendant Pelayo had been, and/or was aggressive, discriminatory, threatening, and/or abusive toward students," and that these Defendants were "deliberately indifferent and/or inadequately improperly responded, failed to respond, controlled, supervised, monitored, disciplined, warn[ed] and or [took] adequate precautions" in connection with Pelayo's conduct. *Id.* ¶ 15(b). The Complaint alleges six causes of action. The fifth of those alleges civil conspiracy pursuant to 42 U.S.C. §§ 1983 ("§ 1983") and 1988 ("§ 1988"), as well as conspiracy under California Code of Civil Procedure Section 377.30 (§ 377.30) against the individual defendants, Rivera, Ruiz, and Pelayo. *Id.* ¶¶ 48-50.

Before the Court for decision is Defendants' motion to dismiss the conspiracy claims. ECF No. 7. Plaintiff filed an opposition. ECF No. 12. Defendants replied. ECF No. 13. The matter was taken

under submission on the papers pursuant to Local Rule 230(g).

### III. <u>LEGAL STANDARD</u>

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim upon which relief may be granted, the Court accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal.,*

*Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. In other words, the complaint must describe the alleged misconduct in enough detail to lay the foundation for an identified legal claim. "Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). To the extent that the pleadings can be cured by the allegation of additional facts, the Court will afford the plaintiff leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## IV. DISCUSSION

Defendants argue that the Complaint fails to set forth sufficient allegations of conspiracy. As mentioned, the Complaint attempts to assert conspiracy claims under § 1983, § 1988, and § 377.30.

Section 1988 is not a stand-alone basis for any federal civil rights claim. Rather, § 1988 is a jurisdictional and procedural provision describing, among other things, various remedies available in federal civil rights proceedings. *See* 42 U.S.C. § 1988. Therefore, the Court will treat Plaintiff's reference to § 1988 in the Complaint as authority for the Complaint's prayer(s) for one or more of those remedies.

A section 1983 civil rights conspiracy requires the "combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damages." *Survine v. Cottle*, No. CV F 12-1453 LJO JLT, 2013 WL 103576, *9 (E.D. Ca. Jan. 8, 2013) (citing *Earle v. Benoit*, 850 F.2d 836, 844 (1st Cir. 1988)). In the context of conspiracy claims brought pursuant to § 1983, a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." *Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). The Ninth Circuit has summarized the relevant standard as follows:

> To establish the defendants' liability for a conspiracy, a plaintiff must demonstrate the existence of an agreement or "meeting of the minds" to violate constitutional rights. The defendants must have, by some concerted action, intended to accomplish some unlawful objective for the purpose of harming another which results in damage. Such an agreement need not be overt, and may be inferred on the basis of circumstantial evidence such as the actions of the defendants. For example, a showing that the alleged conspirators have committed acts that are unlikely to have been undertaken without an agreement may allow a jury to infer the existence of a conspiracy. Whether defendants were involved in an unlawful conspiracy is generally a factual issue and should be resolved by the jury, so long as there is a possibility that the jury can infer from the circumstances (that the alleged conspirators) had a meeting of the minds and thus reached a understanding to achieve the conspiracy's objectives. To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.

*Mendocino Envtl. Ctr. v. Mendocino Cty.*, 192 F.3d 1283, 1301-02 (9th Cir. 1999) (internal citations and quotations omitted). Similarly, to establish a civil conspiracy under California law, including under § 377.30, a plaintiff must show: (1) the formation and operation of a conspiracy; (2) wrongful conduct in furtherance of a conspiracy; and (3) damages arising from the wrongful conduct. *Kidron v. Movie Acquisition Corp.*, 40 Cal. App. 4th 1571, 1581 (1995).

Here, Plaintiff argues the Complaint contains sufficient factual allegations to support a claim for conspiracy, ECF No. 12 at 6, pointing to Paragraph 15(a)-(b), which alleges the District, Rivera, and Ruiz:

> . . . permitted, allowed, granted and/or approved Defendant PELAYO access to students, including Plaintiff:
>
> (a) despite the fact that Defendant PELAYO would threaten, discriminate, humiliate and degrade students, including but not limited to Plaintiff, such harm included but is not limited to, verbal abuse, harassment, assault, discrimination; and
>
> (b) despite the fact the Defendants knew or reasonably should have known that Defendant PELAYO had been, and/or was aggressive, discriminatory, threatening and/or abusive towards students at Del Math and Science Academy. Defendants were deliberately indifferent and/or inadequately and improperly responded, failed to respond, controlled, supervised, monitored, disciplined, warn and/or take adequate precautions in connection with such aggression, threats, discrimination, and/or abuse.

5

Complaint, ¶ 15(a), (b). Plaintiff maintains that this alleges "guilty knowledge" from which an agreement or "meeting of the minds" can be "readily inferred." ECF No. 12 at 6.

Mere knowledge of another's wrongdoing is insufficient to hold a party liable as a conspirator. *City of Omaha Employees Betterment Ass'n v. City of Omaha*, 883 F.2d 650, 653 (8th Cir. 1989); *see also Verigy US, Inc. v. Mayder*, No. C-07-04330 RMW, 2008 WL 4820755, at 6* (N.D. Cal. Nov. 4, 2008) ("Mere knowledge or approval of an intended wrongful act is not enough; they have to cooperate or agree—expressly or tacitly—to achieve it.") (internal citations and quotations omitted). The same rule applies under California law. *Michael R. v. Jeffrey B.*, 158 Cal. App. 3d 1059, 1068 (1984) ("Mere knowledge, acquiescence, or approval of an act, without cooperation or agreement to cooperate is insufficient to establish liability."). Likewise, a bare allegation of failure to discipline or failure to intervene is insufficient to support a civil rights conspiracy claim. *See, e.g., Rapala v. Zaabel*, No. 91 C 5717, 1992 WL 348625, at *4 (N.D. Ill. Nov. 12, 1992) ("bare allegations that defendants, as a matter of departmental policy, failed to discipline [state actor alleged to have violated plaintiff's constitutional rights], do not adequately establish that defendants conspired to deny [plaintiff's rights]"); *Salto v. Mercado*, No. 96 C 7168, 1997 WL 222874, at *2 (N.D. Ill. Apr. 24, 1997) (allegation that by-stander officer "laughed and failed to intervene" while other officers beat and arrested plaintiff insufficient to establish an agreement between by-stander officer and other officers); *Dharod v. Los Angeles City Coll.*, No. CV11-3902-JST RNB, 2011 WL 3555622, at *7 (C.D. Cal. June 7, 2011), report and recommendation adopted, No. CV 11-3902-JST RNB, 2011 WL 3555793 (C.D. Cal. Aug. 11, 2011), reversed on other grounds, 509 F. App'x 664 (9th Cir. 2013) (allegation that school administrators failure to carry out their "duty to step in and stop" alleged constitutional violations perpetrated against plaintiff by various student body leaders insufficient to draw a reasonable inference that the administrators conspired or acted in concert with the student leaders).

The Complaint in its current form does nothing more than allege Defendants had knowledge of

wrongful conduct and failed to act upon that knowledge (or at least failed to act upon the knowledge to Plaintiff's satisfaction). This is insufficient to support a civil rights conspiracy claim under either federal or California law. Therefore, Defendants' motion to dismiss the Fifth Cause of Action is **GRANTED WITH LEAVE TO AMEND**.

### V. CONCLUSION AND ORDER

For the reasons set forth above, Defendants' motion to dismiss the Fifth Cause of Action is GRANTED WITH LEAVE TO AMEND. Plaintiff shall file any amended complaint within twenty (20) days of electronic service of this Memorandum Decision and ORDER.

IT IS SO ORDERED.

Dated: __**August 14, 2017**__  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE