**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **S.V., a minor, by and through her Guardian ad Litem, CLAUDIA VALENCIA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DELANO UNION ELEMENTARY SCHOOL DISTRICT; ROSALINA RIVERA; ANA RUIZ; MICHELLE PELAYO and DOES 1 through 100, inclusive,**<br><br>**Defendants.** | **1:17-cv-00780-LJO-JLT**<br><br>**ORDER GRANTING MOTION TO DISMISS; ORDER REQUIRING PLAINTIFF TO SHOW CAUSE RE AMENDMENT OF COMPLAINT**<br><br>**(ECF NO. 21)** |

## I. BACKGROUND

This case was removed from the Superior Court for the County of Kern on the basis of federal question jurisdiction. (ECF No. 1 at 2). Defendants moved to dismiss the fifth cause of action's conspiracy claims (ECF No. 7), and the Court granted the motion with leave to amend. (ECF No. 17). Plaintiff then filed the first amended complaint on September 1, 2017 (ECF No. 18) ("FAC"). Plaintiff, who is a student with an intellectual disability, was enrolled as a student in Delano Union Elementary School District ("District"), participating in both special education as well as non-special education classes. (FAC ¶ 13). The complaint alleges that one of Plaintiff's teachers, Michelle Pelayo, "threaten[ed], discriminate[d] [against], humiliate[d], and degrade[d] students." (*Id*. ¶ 15(a)). It is also alleged that other Defendants, including the District, Superintendent Rosalina Rivera, and Principal Anna Ruiz, "knew or reasonably should have known that Defendant Pelayo had been, and/or was aggressive, discriminatory, threatening, and/or abusive toward students," and that these Defendants were "deliberately indifferent and/or inadequately and improperly responded, failed to respond,

1

controlled, supervised, monitored, disciplined, warn[ed] and or [took] adequate precautions" in connection with Pelayo's conduct. (*Id*. ¶ 15(b)).

The FAC, like the original complaint, alleges six causes of action. The FAC contains the same factual allegations as the original complaint but differs only with regard to the allegations contained as part of the fifth cause of action. In the original complaint, the fifth cause of action only alleged civil conspiracy pursuant to 42 U.S.C. §§ 1983 ("§ 1983") and 1988 ("§ 1988"), as well as conspiracy under California Code of Civil Procedure Section 377.30 (§ 377.30) against the individual defendants, Rivera, Ruiz, and Pelayo. (ECF No. 1, Ex. A ¶¶ 48-50). The FAC's fifth cause of action contains the same conspiracy claims as the original complaint but also includes additional claims for "Violation of the Equal Protection and Excessive Force Clauses" of the Fourteenth Amendment against the same Defendants. (FAC ¶¶48-50).

Before the Court for decision is Defendants' motion to dismiss the conspiracy claims contained in the fifth cause of action in the FAC. (ECF No. 21). Plaintiff filed an opposition (ECF No. 25) and Defendants replied. (ECF No. 26). The matter was taken under submission on the papers pursuant to Local Rule 230(g). Additionally, Plaintiff has added claims to the fifth cause of action that were not included in the original complaint without requesting leave to do so. While Defendants do not address the propriety of such additions, the Court does so in this Order.

## II. MOTION TO DISMISS CONSPIRACY CLAIMS

In an Order entered on August 14, 2017, the Court granted Defendant's motion to dismiss the fifth cause of action asserting conspiracy claims under 42 U.S.C. §§ 1983, 1988 and California law. (ECF No. 17) ("prior Order"). In the prior Order, the Court found the allegations were insufficient to support a civil conspiracy claim. (*Id.* at 6-7). The FAC does not contain any additional factual allegations that were not contained in the original complaint. The only new allegation concerning the alleged conspiracy is the below paragraph:

Pursuant to Rule 11(b)(3) of the Federal Rules of Civil Procedure, Plaintiff asserts that the

2

following allegation will likely have evidentiary support after a reasonable opportunity for further investigation or discovery: At all relevant times herein, Defendants RIVERA, RUIZ, and DOES 51 through 100, agreed with, had a meeting of the minds with, entered into, communicated pursuant to, and performed an agreement and civil conspiracy with Defendants PELAYO and DOES 1 through 50, inclusive, to cause the wrongful conduct, acts, omissions, injuries and damages alleged herein to occur. (FAC ¶ 50).[1]

For the same reasons discussed in the Court's prior Order, this is insufficient to state civil conspiracy claims. (ECF No. 17).[2] As Plaintiff has made no substantive changes to the FAC, Plaintiff's first amended complaint has failed to remedy the deficiencies of her original complaint with regard to the civil conspiracy claims.[3]

In sum, Plaintiff's first amended complaint fails to state conspiracy claims for the exact same reason as did the original complaint. Thus, the Court GRANTS Defendants' motion to dismiss the fifth cause of action's civil conspiracy claims under federal and California law. As Plaintiff already had the opportunity to amend her complaint, but failed to plead any additional facts with regard to a civil conspiracy, the Court does not grant Plaintiff further leave to amend such claim.

### III. **PLAINTIFF'S NEW CLAIMS IN THE FIFTH CAUSE OF ACTION**[4]

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course before a responsive pleading is served. Fed. R. Civ. P. 15(a). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party

---

[1] The fifth cause of action also contains an allegation that Defendants Rivera and Ruiz "were aware of and [had] actual knowledge" of Defendant Pelayo's violative conduct "but nonetheless acquiesced in, and did nothing to remedy or ameliorate, such wrongful conduct…" (FAC ¶ 49). The Court already addressed that such knowledge or approval of conduct is not enough to establish a claim for civil conspiracy. (ECF No. 17 at 6).

[2] Plaintiff's new reference to Federal Rule of Civil Procedure 11(b)(3) does nothing to cure the deficiencies identified in the Court's prior Order. *See generally W. Maryland Wireless Connection v. Zini*, 601 F. Supp. 2d 634, 647 (D. Md. 2009) ("Factual allegations fail to satisfy Rule 11(b)(3) when they are unsupported by any information obtained *prior* to filing.") (emphasis added) (quoting *Morris v. Wachovia Securities, Inc.*, 448 F.3d 268, 277 (4th Cir.2006)).

[3] Plaintiff's opposition argues that the motion to dismiss should be denied because Defendants do not address the "substantive non-conspiracy claims" now contained in the FAC (ECF No. 25 at 6-7) and because of the "novel legal theory" advanced. (*Id.* at 4). The opposition does not address in anyway how the conspiracy allegations in the FAC are any different from those that were previously dismissed by this Court's prior Order – they are not. Plaintiff's addition of "substantive non-conspiracy claims" without leave of the Court is addressed below.

[4] Defendants' motion does not address the fact that the fifth cause of action under §1983 now contains new claims for substantive violations of equal protection and use of excessive force, nor does the reply. The only thing Defendants state in this regard is that the Court could not "perform surgical analysis" to separate the conspiracy claims from the direct individual violations. (ECF No. 26 at 2).

3

and the court should freely give leave when justice so requires. *Id.* "In general, if an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect and any new matter it contains will not be considered unless the amendment is resubmitted for the court's approval." *Larry O. Crother, Inc. v. Lexington Ins. Co.*, No. 2:11-CV-00138-MCE, 2011 WL 1084201, at *1 (E.D. Cal. Mar. 21, 2011) (quoting Alan Wright & Arthur R. Miller, 6 Fed. Prac. & Proc. Civ. § 1484 (3d ed.)).

The Court granted Plaintiff leave to amend the complaint for the limited purpose of amending the allegations concerning the *civil conspiracy claims* in the fifth cause of action as those were the only claims contained therein. (ECF No. 17). However, Plaintiff did not clarify or add further facts to support the civil conspiracy claims but instead added claims of "Violation of the Equal Protection and Excessive Force Clauses" of the Fourteenth Amendment. (FAC ¶¶48-50). The extent to which such a theory is cognizable in this case is unclear. However, Plaintiff did not request, and the Court did not consent to, additional amendments to the complaint to assert the claims that are now included as part of the fifth cause of action. "[W]here a prior court order granted limited leave to amend, District Courts in this circuit generally strike new claims or parties contained in an amended complaint when the plaintiff did not seek leave to amend." *Jameson Beach Prop. Owners Ass'n v. United States*, No. 2:13-CV-01025-MCE-AC, 2014 WL 4925253, at *3 (E.D. Cal. Sept. 29, 2014); *Coppola v. Smith*, 19 F. Supp. 3d 960, 971 (E.D. Cal. 2014) (identifying procedural deficiency where the amended complaint included a new legal "theory" and the order only granted leave to amend the complaint "to refine and address the identified deficiencies" in a particular claim); *Ketab Corp. v. Mesriani & Assocs.*, No. 214CV07241RSWLMRW, 2015 WL 8022874, at *8 (C.D. Cal. Dec. 4, 2015) ("in cases like this one, where leave to amend is given to cure deficiencies in certain specified claims, courts have held that new claims alleged for the first time in the amended pleading should be dismissed or stricken."); *Benton v. Baker Hughes*, No. CV 12-07735 MMM MRWX, 2013 WL 3353636, at *3 (C.D. Cal. June 30, 2013), *aff'd sub nom. Benton v. Hughes*, 623 F. App'x 888 (9th Cir. 2015) (the

court's "order granted [the plaintiff] leave to amend only to address the deficiencies in his existing causes of action identified in its order" and "did not grant [the plaintiff] leave to add new claims" and thus plaintiff's "new claims" exceeded "the scope of the leave to amend granted" and were stricken).

The Court finds that the additional claims included in the fifth cause of action in the FAC do not comply with the limitations on amendment provided in the Court's prior Order which only addressed the deficiencies regarding the civil conspiracy claims contained therein. (ECF No. 17). Nonetheless, in an abundance of caution and because other, similar claims survive in this case, the Court will provide Plaintiff an opportunity to demonstrate that amendment to include claims for "Violation of the Equal Protection and Excessive Force[5] Clauses" is appropriate under Federal Rule of Civil Procedure 15(a).

Plaintiff is reminded that one of the factors considered when deciding whether a court will grant leave to amend under Rule 15(a) is the futility of the amendment; futility alone can justify the denial of a motion to amend. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Additionally, if Plaintiff does seek leave to amend the claim, she is reminded of the pleading standards set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice."). Currently, Plaintiff's FAC makes repeated generalized statements that "Defendant PELAYO was harassing, violent, aggressive, threatening, discriminating, and/or abusive." (FAC ¶ 11; *see also* ¶¶ 15, 24) and that Defendants Rivera and Ruiz were "deliberately indifferent" and "knew or should have known that there was a history of danger, aggression, threats…" (FAC ¶¶ 17, 18, *see also* ¶ 21). "General allegations that do not establish a link between the conduct alleged and specific

---

[5] It is not altogether clear what Plaintiff is referencing as the "excessive force clause" of the Fourteenth Amendment (FAC ¶¶ 48-50).

5

defendants do not meet the minimal pleadings required to defend against a Rule 12(b)(6) motion" and allegations of what Defendants "in general knew or did" lacks the requisite specificity. *Vivanco v. California Dep't of Corr. & Rehab.*, No. 117CV00434LJOBAM, 2017 WL 2547026, at *4 (E.D. Cal. June 13, 2017); *Andrew W. v. Menlo Park City Sch. Dist.*, No. C-10-0292 MMC, 2010 WL 3001216, at *4 (N.D. Cal. July 29, 2010) (holding that plaintiff failed to allege any facts to support § 1983 claim on a theory that he was deprived of equal protection when he stated "[d]efendants violated [plaintiff's] right to the equal protection of laws.").

### IV. CONCLUSION AND ORDER

For the reasons set forth above, Defendants' motion to dismiss the fifth cause of action's conspiracy claims is GRANTED WITHOUT LEAVE TO AMEND since Plaintiff has already had the opportunity to amend these claims and failed to do so.

The Court further ORDERS Plaintiff to show cause in writing on or before November 17, 2017 why she should be permitted to amend the complaint to include the additional claims now contained in the fifth cause of action. Among other things, Plaintiff must demonstrate that the claims are not futile. Defendants may then file a response by no later than December 1, 2017.

The parties are informed that the Court is unlikely to exercise supplemental jurisdiction over the state law claims in this case if no federal cause of action persists.

IT IS SO ORDERED.

Dated: **November 1, 2017** /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE