## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **S.V., a minor, by and through her Guardian ad Litem, CLAUDIA VALENCIA,** | **1:17-cv-00780-LJO-JLT** |
| **Plaintiff,** | **ORDER GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT** |
| **v.** | |
| **DELANO UNION ELEMENTARY SCHOOL DISTRICT; ROSALINA RIVERA; ANA RUIZ; MICHELLE PELAYO and DOES 1 through 100, inclusive,** | **(ECF NO. 28, 29, 31)** |
| **Defendants.** | |

## I. <u>INTRODUCTION</u>

This case was removed from the Superior Court for the County of Kern on the basis of federal question jurisdiction. (ECF No. 1 at 2). Defendants then moved to dismiss the fifth cause of action's civil conspiracy claims under 42 U.S.C. § 1983 ("§ 1983") and California Code of Civil Procedure §377.30 (ECF No. 7), and the Court granted the motion with leave to amend. (ECF No. 17). Plaintiff filed a first amended complaint on September 1, 2017 (ECF No. 18) ("FAC") and Defendants again moved to dismiss the fifth cause of action's conspiracy claims. (ECF No. 21). The Court granted the

motion without leave to amend because Plaintiff failed to include any additional factual allegations to support her civil conspiracy claims after the Court had already directed Plaintiff that the original factual allegations were insufficient to support the cause of action. (ECF No. 28). Additionally, the Court ordered the Plaintiff to show cause why newly added claims in the FAC's fifth cause of action for "Violation of the Equal Protection and Excessive Force Clauses" of the Fourteenth Amendment should be permitted since Plaintiff added such claims to the FAC without consent of opposing counsel or the Court, contrary to Federal Rules of Civil Procedure, Rule 15. (*Id.* at 3-5).

Plaintiff responded to the order to show cause on November 17, 2017, requesting the Court permit her to file an amended complaint stating claims for "Unreasonable Seizure, Excessive Force and Equal Protection" violations under the Fourth Amendment and Fourteenth Amendments. (ECF No. 29). Plaintiff attached a proposed second amended complaint to her response. (ECF No. 29-1)("proposed SAC" or "SAC"). Defendants filed a response on December 1, 2017. (ECF No. 31).

Before the Court is Plaintiff's request for leave to amend to file a SAC pursuant to Federal Rule of Civil Procedure 15(a)(2).

## II. <u>BACKGROUND</u>

Plaintiff, who is a student with an intellectual disability, was enrolled in Delano Union Elementary School District ("District"), participating in both special education as well as non-special education classes. (SAC ¶ 13). The complaint alleges that one of Plaintiff's teachers, Michelle Pelayo, "threaten[ed], discriminate[d] [against], humiliate[d], and degrade[d] students." (*Id.* ¶ 15(a)). It is also alleged that other Defendants, including the District, Superintendent Rosalina Rivera, and Principal Anna Ruiz, "knew or reasonably should have known that Defendant Pelayo had been, and/or was aggressive, discriminatory, threatening, and/or abusive toward students," and that these Defendants were "deliberately indifferent and/or inadequately and improperly responded, failed to respond, control[], supervise[], monitor[], discipline[], warn and or take adequate precautions" in connection with Pelayo's conduct. (*Id.* ¶ 15(b)). The only specific factual allegations with regard to these general

factual allegations are that "the assault, humiliation, discrimination, and harassment" included Defendant Pelayo "(a) **telling Plaintiff that she had taught kindergarteners that were smarter than her**; (b) t**elling Plaintiff, in front of the class that she, 'doesn't like Mexicans**;' and (c) disparaging, discriminating against, and verbally harassing Plaintiff." (*Id.* ¶ 19)(emphasis added).

The proposed SAC, like the FAC, alleges six causes of action and contains the exact same factual allegations as the FAC[1] but differs only with regard to the allegations contained as part of the fifth cause of action. In lieu of alleging civil conspiracy claims, the proposed SAC alleges § 1983 claims for "Unreasonable Seizure, Excessive Force, and Equal Protection" violations under the Fourth and Fourteenth Amendments. (*Id.* ¶¶ 48-49). Plaintiff adds two specific factual allegations in the fifth cause of action to support the proposed additional claims under § 1983. Plaintiff alleges that Defendant Pelayo "unreasonably seized and used excessive force against Plaintiff by…(i) unnecessarily, unreasonably, and with no reason, cause or justification grabbing, seizing and dragging Plaintiff by Plaintiff's shirt and/or other clothing or part of Plaintiff's body, and (ii) depriving Plaintiff of water and hydration after physical education classes." (*Id.* ¶ 48(a)). As to Defendants Rivera and Ruiz, there are no additional specific factual allegations besides stating that they were aware of Defendant Pelayo's propensity and history of using excessive force and for discrimination and were deliberately indifferent to it. (*Id.* ¶ 49).

### III. LEGAL STANDARD UNDER RULE 15

Under the Federal Rules of Civil Procedure, Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). As the Court noted in its prior Order, leave to amend may be denied if the proposed amendment is futile. *Saul v. United States,* 928 F.2d 829, 843

---

[1] The introduction to the proposed SAC still states that the fifth cause of action is for civil conspiracy pursuant to 42 U.S.C. § 1983 and the California Code of Civil Procedure. (SAC ¶1(e)). This appears to be a typographical error.

(9th Cir. 1991); (ECF No. 28 at 5). The standard for whether amendment would be futile is the same as on a motion to dismiss; that is, an amendment would be futile if the amended pleading fails to state a claim upon which relief can be granted. *See Id.*; *Lopez v. Sniff*, No. EDCV 14-85-JGB (SPX), 2015 WL 12744267, at *2 (C.D. Cal. June 24, 2015). However, "[u]nder Rule 15(a)'s liberal amendment standard, courts ordinarily 'defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.'" *Owens v. Walgreen Co.*, No. CIV. 2:12-419 WBS, 2012 WL 2359996, at *2 (E.D. Cal. June 20, 2012) (quoting *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)).

## IV. **DISCUSSION**

Plaintiff here requests leave to amend the fifth cause of action to state § 1983 claims "under [the] Unreasonable Seizure, Excessive Force and Equal Protection Clauses of the Fourth Amendment and Fourteenth Amendments." (ECF No. 29). "To establish a § 1983 equal protection violation, the plaintiff[ ] must show that the defendants, acting under color of state law, discriminated against [her] as [a] member[ ] of an identifiable class and that the discrimination was intentional." *Flores v. Morgan Hill Unified Sch. Dist.*, 324 F.3d 1130, 1134 (9th Cir. 2003). The only allegation that appears to support an equal protection claim is Defendant Pelayo's alleged statement to Plaintiff that he "doesn't like Mexicans." (SAC ¶ 19). There appears to be some legal basis for such statements supporting an equal protection violation. *Doe v. Los Angeles Unified Sch. Dist.*, No. 216CV00305CASJEMX, 2017 WL 797152, at *18 (C.D. Cal. Feb. 27, 2017) (in denying summary judgment the court held that it declined to preclude as a matter of law an equal protection claim based upon a teacher's alleged racial name-calling of an eighth grader); *DiStiso v. Cook*, 691 F.3d 226, 242 (2d Cir. 2012) (racial name-calling allegedly experienced by student during kindergarten was sufficiently severe to support § 1983 equal protection claim against school principal and teacher based on their alleged deliberate indifference). Thus, the proposed amendment to add an equal protection claim is not obviously futile.

The Court has more serious concerns with Plaintiff's additional allegations concerning unreasonable seizure and excessive force. The Ninth Circuit has affirmed that a claim for excessive force in the school context should ordinarily be brought under the Fourth Amendment. *Preschooler II v. Clark Cty. Sch. Bd. of Trustees*, 479 F.3d 1175, 1180 (9th Cir. 2007). Such a claim requires a *search* or *seizure* that is objectively unreasonable under the circumstances. *Doe ex rel. Doe v. Hawaii Dep't of Educ.*, 334 F.3d 906, 909 (9th Cir. 2003). However, the Ninth Circuit also indicated that where there are no allegations of a search or seizure, the claim should be brought as a substantive due process claim under the Fourteenth Amendment. *Preschooler II*, 479 F.3d at 1181 n. 5. Such a claim must meet the substantive due process "shocks the conscience" standard. *Id.* Whether brought under the Fourth or Fourteenth Amendment, the allegations of grabbing Plaintiff by the shirt and not giving her water after physical education class do not appear to be sufficient to meet either standard. *See, e.g.*, *Garedakis v. Brentwood Union Sch. Dist.*, No. C 14-4799 PJH, 2015 WL 2453295, at *5-*6 (N.D. Cal. May 22, 2015) (granting motion to dismiss § 1983 claims where court found the allegations too vague and ambiguous to support a constitutional claim where complaint alleged a series of incidents over two years involving physical and verbal abuse by teacher against six minor plaintiffs in his special education class). However, Defendants' briefing fails to substantively address whether the request to amend the fifth cause of action to include such §1983 violations should be permitted. (ECF No. 31). Inexplicably Defendants argue that proposed amended claim "would, once again, fail to meet the federal pleadings standard for 42 U.S.C. 1983 **claim for conspiracy**, and, therefore, should now be deemed futile and should not be allowed," even though the fifth cause of action no longer alleges conspiracy claims. (*Id.* at 3) (emphasis added).

Because Defendants failed to address whether the proposed claims contained in the SAC are futile, the Court is loath to do so *sua sponte* without providing a further opportunity for Plaintiff to address the matter. The Court will therefore allow Plaintiff's amendment and permit Defendants to challenge the merits of the pleading with a motion to dismiss.

## V. <u>CONCLUSION AND ORDER</u>

For the reasons set forth above, the Court GRANTS Plaintiff leave to amend the fifth cause of action. The Court ORDERS Plaintiff file the proposed second amended complaint, a copy of which is attached as an exhibit to her request (ECF No. 29-1), within three (3) days of this order. This will be the last opportunity for amending the pleading.


IT IS SO ORDERED.

Dated:   __**January 12, 2018**__              _____**/s/ Lawrence J. O'Neill**_____
                                             UNITED STATES CHIEF DISTRICT JUDGE