# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **S.V., a minor, by and through her Guardian ad Litem, CLAUDIA VALENCIA,**<br><br>**Plaintiff,**<br><br>v.<br><br>**DELANO UNION ELEMENTARY SCHOOL DISTRICT; ROSALINA RIVERA; ANA RUIZ; MICHELLE PELAYO and DOES 1 through 100, inclusive,**<br><br>**Defendants.** | 1:17-cv-00780-LJO-JLT<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>(ECF Nos. 35, 38, 39, 42) |

## I. INTRODUCTION

This case was removed from the Superior Court for the County of Kern on the basis of federal question jurisdiction. (ECF No. 1 at 2.) Defendants then moved to dismiss the fifth cause of action's civil conspiracy claims under 42 U.S.C. § 1983 ("§ 1983") and California Code of Civil Procedure §377.30 (ECF No. 7), and the Court granted the motion with leave to amend. (ECF No. 17.) Plaintiff filed a first amended complaint on September 1, 2017 (ECF No. 18) ("FAC") and Defendants again moved to dismiss the fifth cause of action's conspiracy claims. (ECF No. 21.) The Court granted the motion without leave to amend because Plaintiff failed to include any additional factual allegations to support her civil conspiracy claims after the Court had already directed Plaintiff that the original factual allegations were insufficient to support the cause of action. (ECF No. 28.) Additionally, the Court ordered the Plaintiff to show cause why newly added claims in the FAC's fifth cause of action for "Violation of the Equal Protection and Excessive Force Clauses" of the Fourteenth Amendment should be permitted since Plaintiff added such claims to the FAC without consent of opposing counsel or the Court, contrary to Federal Rules of Civil Procedure, Rule 15. (*Id.* at 3-5.)

1

Plaintiff responded to the order to show cause and requested leave to amend the complaint (ECF No. 29.) The Court granted Plaintiff leave to amend and Plaintiff filed a second amended complaint which amended the fifth cause of action to state § 1983 claims for "Unreasonable Seizure, Excessive Force and Equal Protection" violations under the Fourth and Fourteenth Amendments. (ECF Nos. 33, 34 ("SAC").)

Before the Court for decision is Defendants' motion to dismiss the fifth cause of action in the SAC. (ECF No. 35.) Plaintiff filed an opposition (ECF No. 38) and Defendants replied. (ECF No. 39.) The court also permitted Plaintiff to file a sur-reply to address the limited issue of supervisory liability. (ECF No. 42.) The matter was taken under submission on the papers pursuant to Local Rule 230(g). For reasons set forth below, Defendants' motion to dismiss is DENIED except as to supervisory Defendants Rivera and Ruiz.

## II. **BACKGROUND**

The following facts are drawn from Plaintiff's second amended complaint in this matter, and are accepted as true only for the purpose of this motion to dismiss. *OSU Student All. v. Ray*, 699 F.3d 1053, 1058 (9th Cir. 2012). Plaintiff, who is a student with an intellectual disability, was enrolled in Delano Union Elementary School District ("District"), participating in both special education as well as non-special education classes. (SAC ¶ 13.) The complaint alleges that one of Plaintiff's teachers, Michelle Pelayo, "threaten[ed], discriminate[d] [against], humiliate[d], and degrade[d] students." (*Id*. ¶ 15(a).) It is also alleged that other Defendants, including the District, Superintendent Rosalina Rivera, and Principal Anna Ruiz "knew or reasonably should have known that Defendant Pelayo had been, and/or was aggressive, discriminatory, threatening, and/or abusive toward students," and that these Defendants were "deliberately indifferent and/or inadequately and improperly responded, failed to respond, control[], supervise[], monitor[], discipline[], warn and or take adequate precautions" in connection with Pelayo's conduct. (*Id*. ¶ 15(b).) The only specific factual allegations with regard to these general factual allegations are that "the assault, humiliation, discrimination, and harassment"

included Defendant Pelayo "(a) **telling Plaintiff that she had taught kindergarteners that were smarter than her**; (b) **telling Plaintiff, in front of the class that she, 'doesn't like Mexicans**;' and (c) disparaging, discriminating against, and verbally harassing Plaintiff." (*Id.* ¶ 19) (emphasis added).

The SAC alleges six causes of action and the fifth cause of action alleges § 1983 claims for "Unreasonable Seizure, Excessive Force, and Equal Protection" violations under the Fourth and Fourteenth Amendments. (*Id.* ¶¶ 48-49.) Plaintiff's SAC added two specific factual allegations in the fifth cause of action to support her claims under § 1983. Plaintiff alleges that Defendant Pelayo "unreasonably seized and used excessive force against Plaintiff by . . . (i) unnecessarily, unreasonably, and with no reason, cause or justification grabbing, seizing and dragging Plaintiff by Plaintiff's shirt and/or other clothing or part of Plaintiff's body, and (ii) depriving Plaintiff of water and hydration after physical education classes." (*Id.* ¶ 48(a).) As to Defendants Rivera and Ruiz, the SAC additionally alleges that they were aware of Defendant Pelayo's propensity and history of using excessive force and for discrimination and were deliberately indifferent to it. (*Id.* ¶ 49.)

### III. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim upon which relief may be granted, the Court accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal

citation omitted). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. In other words, the complaint must describe the alleged misconduct in enough detail to lay the foundation for an identified legal claim.

"Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). To the extent that the pleadings can be cured by the allegation of additional facts, the Court will afford the plaintiff leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## IV. DISCUSSION

Defendants, under Rule 12(b)(6), have moved to dismiss the fifth cause of action for failure to

state § 1983 claims for "[v]iolations of the Unreasonable Seizure, Excessive Force and Equal Protection Clauses of the Fourth Amendment and Fourteenth Amendments." (ECF No. 35; SAC ¶¶ 48-49.) To state a claim under § 1983, plaintiff must allege that: (1) the defendant was acting under color of state law at the time the complained of act was committed; and (2) the defendant's conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Jensen v. City of Oxnard*, 145 F.3d 1078, 1082 (9th Cir. 1998). There is no dispute that the Defendants were acting under the color of state law. The Court addresses the applicable law for each of Plaintiff's § 1983 claims below.

### A. <u>Equal Protection Claim</u>

"To establish a § 1983 equal protection violation, the plaintiff[ ] must show that the defendants, acting under color of state law, discriminated against [her] as [a] member[ ] of an identifiable class and that the discrimination was intentional." *Flores v. Morgan Hill Unified Sch. Dist.*, 324 F.3d 1130, 1134 (9th Cir. 2003). Defendants argue that Plaintiff's equal protection claim fails because the SAC does not set forth Plaintiff's status in an identifiable class and does not allege that Pelayo knew that Plaintiff belonged to an identifiable class or that Pelayo's comment was intentionally directed at Plaintiff. (ECF No. 35 at 5.)[1] However, the SAC alleges Defendant Pelayo made a statement to Plaintiff that she "doesn't like Mexicans." (SAC ¶ 19.) There can be no doubt that race is a protected class for equal protection purposes. *See Washington v. Davis,* 426 U.S. 229, 239 (1976) ("The central purpose of the Equal Protection Clause of the Fourteenth Amendment is the prevention of official

---

[1] Defendants also argue that Plaintiff is required to allege "highly specific facts" by enumerating "events, times, and dates" to overcome a motion to dismiss. (ECF No. 35 at 4-5.) Defendants cite to *Keker v. Procunier*, 398 F. Supp. 756, 766 (E.D. Cal. 1975), in support of this proposition. (*Id.*; *see also* ECF No. 39 at 5.) Defendants should be well aware that this is not an accurate statement of the pleading requirement under Rule 8 and such a notion has been definitively overruled by *Iqbal*. 556 U.S. at 678. The Court admonishes Defendants' counsel to consider carefully his ethical obligations (and serious risks for not meeting them), and his obligations under Rule 11 of the Federal Rules of Civil Procedure when citing case law that has been definitively overruled. A repeat of this misconduct will be dealt with pursuant to an order to show cause *in re contempt*.

5

conduct discriminating on the basis of race"). In addition, contrary to Defendants' assertions, under *Iqbal*, Plaintiff is entitled to all reasonable inferences to be drawn in her favor. *Iqbal*, 556 U.S. at 678. It is reasonable to infer from the allegations in the SAC that Defendant Pelayo directed her comment concerning disliking Mexicans towards Plaintiff and that she correspondingly was aware of Plaintiff's ethnicity.

As the Court noted in granting Plaintiff leave to amend her complaint to add equal protection claims, there is some legal basis for such statements supporting an equal protection violation. *Doe v. Los Angeles Unified Sch. Dist.*, No. 2:16CV00305-CAS(JEMx), 2017 WL 797152, at *18 (C.D. Cal. Feb. 27, 2017) (in denying summary judgment the court held that it declined to preclude as a matter of law an equal protection claim based upon a teacher's alleged racial name-calling of an eighth grader); *DiStiso v. Cook*, 691 F.3d 226, 242 (2d Cir. 2012) (racial name-calling allegedly experienced by student during kindergarten was sufficiently severe to support § 1983 equal protection claim against school principal and teacher based on their alleged deliberate indifference to such harassment). "To plead a cognizable equal protection claim, [Plaintiff] must simply allege facts that plausibly show that [Plaintiff] was discriminated against as a member of an identifiable class." *Walsh v. Tehachapi Unified Sch. Dist.*, 827 F. Supp. 2d 1107, 1117 (E.D. Cal. 2011) (citing *Flores*, 324 F.3d at 1135). Telling a student that she "doesn't like Mexicans" is "at least susceptible of an inference of discriminatory intent" and that is all that is required at the pleading stage. *See, e.g.*, *Monteiro v. Tempe Union High Sch. Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998). Defendants have cited no case law to refute that such a statement cannot support an equal protection claim. (ECF No. 5.) It is not the Court's job to identify such authority for counsel.

Thus, Defendants' motion to dismiss the equal protection claim in the fifth cause of action is DENIED.

**B.     Unreasonable Seizure And Excessive Force Claim**

The Ninth Circuit has held that excessive force by a school official against a student violates

the student's constitutional rights. *Preschooler II v. Clark Cty. Sch. Bd. of Trustees*, 479 F.3d 1175, 1180 (9th Cir. 2007). The Ninth Circuit has affirmed that a claim for excessive force in the school context should ordinarily be brought under the Fourth Amendment. *Id.* Such a claim requires a *search* or *seizure* that is objectively unreasonable under the circumstances. *Doe ex rel. Doe v. Hawaii Dep't of Educ.*, 334 F.3d 906, 909 (9th Cir. 2003). However, the Ninth Circuit has also indicated that where there are no allegations of a search or seizure, the claim should be brought as a substantive due process claim under the Fourteenth Amendment. *Preschooler II*, 479 F.3d at 1181 n.5. Such a claim must meet the substantive due process "shocks the conscience" standard. *Id.*

Defendants here summarily state, in a half page of briefing and without citing any case law besides regurgitating verbatim this Court's prior order granting leave to amend, that the unreasonable seizure and excessive force claims are not sufficient to meet the standard under either the Fourth or Fourteenth Amendment and therefore should be dismissed. (ECF No. 35 at 6.)

Plaintiff contends that because she has alleged a seizure, the claim is governed by the Fourth Amendment reasonableness standard rather than the "shocks the conscience" standard. (ECF No. 38 at 5-6.)[2] Plaintiff alleges that Defendant Pelayo grabbed, seized, and dragged Plaintiff by Plaintiff's shirt or body without any reason. (SAC ¶ 48(a).) Because a teacher's use of force against a student at school is "generally analyzed under the reasonableness rubric of the Fourth Amendment" and Defendants have offered no basis for departing from the general rule, the Court applies the Fourth Amendment rubric to the facts alleged here. *Preschooler II*, 479 F.3d at 1180; *Doe v. Hawaii Dep't of Educ.*, 334 F.3d at 907 (holding student was entitled to proceed under the Fourth Amendment, "in light of the Supreme Court's direction to analyze § 1983 claims under more specific constitutional provisions, when applicable, rather than generalized notions of due process"). "In applying the Fourth

---

[2] Plaintiff alternatively argues that the alleged conduct also meets the Fourteenth Amendment "shocks the conscience" standard. (ECF No. 38 at 7.) The Court need not reach the issue here since it finds the application of the Fourth Amendment standard appropriate.

7

Amendment in the school context, the reasonableness of the seizure must be considered in light of the educational objectives [a school official] was trying to achieve." *Id.* at 909. Plaintiff argues that the seizure here was unreasonable.

In a case similarly alleging a teacher grabbed a student by her arm and led her to the office, the court, applying the Fourth Amendment reasonableness standard, found the Plaintiff had submitted sufficient evidence on summary judgment that teacher's grabbing of student's arm was enough to raise an issue of fact as to whether the seizure was reasonable under the circumstances. *T.A. v. McSwain Union Elementary Sch.*, No. 1:08-CV-01986, 2010 WL 2803658, at *7 (E.D. Cal. July 16, 2010) ("A reasonable teacher would not unjustifiably use force against a student who was complying with the teacher's request. Whether the force used was *de minimis* raises an issue of fact");[3] *see also Doe v. Nevada*, No. 02:03CV01500LRH-RJJ, 2008 WL 1924039, at *3 (D. Nev. Apr. 30, 2008) (denying summary judgment on Fourth Amendment claim where teacher's aide grabbed preschooler under the armpit and flung him two or three feet and also grabbed preschooler's wrists and caused him to hit himself).

Defendants' briefing fails to address substantive case law on this issue and does not present the Court with relevant analysis for why Plaintiff's claims should be dismissed. (ECF No. 35 at 6.) The solitary case citation to support dismissal of this claim is copied from the Court's prior order. *See Garedakis v. Brentwood Union Sch. Dist.*, No. C 14-4799 PJH, 2015 WL 2453295, at *5-6 (N.D. Cal. May 22, 2015) (granting motion to dismiss § 1983 claims because court found the allegations too vague and ambiguous to support a constitutional claim where complaint alleged a series of incidents over two years involving physical and verbal abuse by teacher against six minor plaintiffs in his

---

[3] The court had previously denied a motion to dismiss the same claim. *T.A. ex rel. Amador v. McSwain Union Elementary Sch. Dist.*, No. CVF081986OWW/DLB, 2009 WL 1748793, at *8 (E.D. Cal. June 18, 2009).

8

special education class).⁴ However, Plaintiff's opposition argues that the case is distinguishable because it was dismissed for not describing the abusive conduct the teacher actually directed toward plaintiffs and the SAC does. (ECF No. 38 at 8.) *See, e.g.*, *J.C.R. v. City & Cty. of San Francisco*, No. 14-CV-03918 NC, 2015 WL 5316249, at *5 (N.D. Cal. Sept. 11, 2015) (finding a Fourth Amendment excessive force violation occurred where student testified that he suffered abuse at the hands of camp manager and distinguishing *Garedakis* because that case involved students that came home with red marks, bruises, and scratches but lacked allegations that the teacher caused the injuries through using unconstitutional physical force). Plaintiff's SAC alleges that it was Defendant Pelayo that grabbed and dragged her by the shirt or body. "Viewing these allegations in the light most favorable to [Plaintiff], the Court cannot say that her claim is utterly implausible." *J.F. by Abel-Irby v. New Haven Unified Sch. Dist.*, No. C 13-03808 SI, 2014 WL 250431, at *5 (N.D. Cal. Jan. 22, 2014) (finding plaintiff had "alleged sufficient facts to survive a motion to dismiss" a § 1983 claim for Fourth Amendment violations where plaintiff student "allege[d] that the two defendants [principal and campus security technician] seized her, causing her to drop to the ground, collapse, black out, and vomit"). The Court reiterates that it is the Defendants' responsibility to identify case law and provide legal analysis to

---

⁴ Defendants' Reply brief cites two further cases, neither of which convincingly supports their position. (ECF No. 39 at 2-3.) *W.A. ex rel S.A. v. Patterson Joint Unified Sch. Dist.*, No. CV F 10-1317 LJO SMS, 2011 WL 2925393, at *40 (E.D. Cal. July 18, 2011) ("Because District staff was authorized to restrain Student when he became aggressive, and the evidence establishes that Student became aggressive towards staff and students before he was restrained, Plaintiffs fail to establish that Defendants violated a clearly established right"); *K.T. v. Pittsburg Unified Sch. Dist.*, 219 F. Supp. 3d 970, 978 (N.D. Cal. 2016) (denying motion to dismiss student's §1983 excessive force claim where a young, non-verbal, autistic student "allege[d] that her teacher—among other things—grabbed and slapped her"). Defendants' Reply argues that courts only allow allegations such as Plaintiff's to survive a motion to dismiss in cases involving non-verbal Plaintiffs. (ECF No. 39 at 3.) Neither the court in *Preschooler II* nor *K.T.*, cited by Defendants for this proposition, relied on the fact that Plaintiff was non-verbal as the central basis for reaching the determination that a Fourth Amendment violation occurred. Courts make a complete evaluation of the "specific circumstances of the school and the child." *Preschooler II*, 479 F.3d at 1181. Here, the SAC alleges that Plaintiff was an eleven-year-old student with intellectual disabilities. (SAC ¶ 13.) From the Court's review, the determination of whether a Fourth Amendment violation occurred cannot change substantially based merely on whether a Plaintiff is verbal or non-verbal.

support their position for the dismissal of such claims. Defendants have failed to do so and in absence of contrary authority, the Court finds the facts alleged are sufficient to survive a motion to dismiss.

Thus, Defendants' motion to dismiss the Fourth Amendment excessive force claim in the fifth cause of action is DENIED.

### C. Motion To Dismiss § 1983 Claim As To Supervisory Defendants Rivera And Ruiz

Defendants' reply raised a new argument concerning Defendants Rivera and Ruiz and argues that Plaintiff has not sufficiently pled a claim for supervisor liability because she has failed to plead that they directed the violations of her constitutional rights or knew of the violations and failed to prevent them. (ECF No. 39 at 5-6.) Defendants argue that the allegations concerning these Defendants are in the form of legal conclusions. (*Id.* (citing SAC ¶¶ 11-12,15-17, 21, 26).) Because Plaintiff did not have the opportunity to respond to these arguments that were first raised in the reply, the Court permitted Plaintiff to file a sur-reply to address the issue of supervisor liability as to Defendants Rivera and Ruiz. (ECF No. 42.) Plaintiff argues that she has alleged that Plaintiff's mother complained to Defendants Rivera and Ruiz about the alleged "abuse, threats, discrimination, and harassment by Defendant Pelayo." (ECF No. 42 at 2 (citing SAC ¶23).) Plaintiff states that she has alleged actual knowledge on the part of Defendants Rivera and Ruiz, such that these Defendants "acquiesced in, and did nothing to remedy or ameliorate, such wrongful conduct" by Defendant Pelayo. (*Id.* at 3.) Plaintiff further argues that Rule 8 does not require more than this and that circumstantial factual allegations may suffice. (ECF No. 42 at 3-4.) Plaintiff requests leave to amend if the claims for supervisor liability as to Defendants Rivera and Ruiz are dismissed since Plaintiff has never been granted leave to amend this specific issue. (*Id.* at 5.)

"Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability. A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 645-

46 (9th Cir. 1989) (citation omitted); *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074–75 (9th Cir. 2013). "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Henry A. v. Willden*, 678 F.3d 991, 1004 (9th Cir. 2012) (quoting *Starr v. Baca,* 652 F.3d 1202, 1208 (9th Cir. 2011)). In the absence of overt personal participation in the allegedly offensive act, Plaintiff must allege facts to show that supervisory defendants "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Hansen*, 885 F.2d at 646 (quoting *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987)) (internal quotations marks omitted). "The inquiry into causation must be individualized to focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). As the Supreme Court held in *Ashcroft v. Iqbal*, a Plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. 556 U.S. at 676.

Here, it is not clear from the complaint exactly what the basis for the § 1983 supervisor liability claim is as to Defendants Rivera and Ruiz.[5] Plaintiff's sur-reply argues that because she has

---

[5] While the complaint alleges that the District and Defendants Rivera and Ruiz "were negligent and careless with respect to the hiring, training, supervision, discipline and retention of Pelayo[,]" the fifth cause of action states that they were deliberately indifferent to Pelayo's conduct, acquiesced in it, and failed to protect Plaintiff. (SAC ¶¶ 26, 49.) Negligence, however, is insufficient to state a claim for deliberate indifference, *Harry A. v. Duncan*, 234 F. App'x 463, 465 (9th Cir. 2007), as are conclusory allegations such as these. Based on Plaintiff's brief, is does not appear that Plaintiff is attempting to state a §1983 claim for failure to train but rather for knowledge and acquiescence and failing to prevent the injury based on a theory of deliberate indifference. (ECF No. 42.) As discussed further below, after *Iqbal*, claims against supervisory defendants must allege that the supervisor acted with the same state of mind required to establish the underlying constitutional violation. *Lacey v. Maricopa County*, 693 F.3d 896, 916 (9th Cir. 2012) (en banc) ("For an official to be liable for another actor's depriving a third party of his constitutional rights, that official must have at least the same level of intent as would be required if the official were directly to deprive the third party of his constitutional

alleged that Defendants "knew of the violations of subordinates and failed to act to prevent them," this is sufficient. (ECF No. 42 at 2.) The complaint further contains conclusory allegations that these Defendants acted with deliberate indifference to Plaintiff's constitutional rights. Regarding actual knowledge, the complaint alleges that "following the above incidents," (referring to Pelayo stating she "doesn't like Mexicans" and has taught kindergartners smarter than Plaintiff), Plaintiff's mother complained to the District and Defendants Rivera and Ruiz and that following those complaints Defendant Pelayo "continued to threaten, harass, disparage, discriminate against, and humiliate students, including, but not limited to Plaintiff." (SAC ¶¶ 23, 24.)

After *Iqbal*, such allegations are insufficient to state a claim for discrimination under the equal protection clause. A plaintiff attempting to name a supervisor as a defendant in a Section 1983 claim must also show that the supervisor had the requisite state of mind to establish liability, namely the state of mind required by the particular constitutional claim. *OSU Student All.,* 699 F.3d at 1071. For supervisory employees in discrimination cases, the plaintiff "must plead sufficient factual matter to show that [the defendants] adopted and implemented the . . . policies . . . for the purpose of discriminating." 556 U.S. at 677; *Starr*, 652 F.3d at 1206 ("*Iqbal* followed earlier cases holding that alleging a supervisor's mere awareness of the discriminatory effects of his or her actions or inaction does not state a claim of unconstitutional discrimination"); *OSU Student All.*, 699 F.3d at 1077 ("Simply put, the complaint did not tie the alleged unconstitutional conduct—purposeful discrimination by race or religion—to any policy that the supervisory defendants advanced").

A Fourth Amendment claim for excessive force, unlike a claim for unconstitutional discrimination, does not require the intent to discriminate. *See, e.g.*, *Chavez v. United States*, 683 F.3d

---

rights"). Neither the excessive force claims under the Fourth Amendment nor the Equal Protection discrimination claims pursuant to the Fourteenth Amendment require deliberate indifference.

12

1102, 1109-10 (9th Cir. 2012). However, in the absence of personal involvement in the constitutional violation there still must be "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen*, 885 F.2d at 646. "The requisite causal connection can be established . . . by setting in motion a series of acts by others, . . . or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Starr*, 652 F.3d at 1207-08 (citation omitted). Here, Plaintiff alleges that *after* the specifically identified constitutional violations occurred, Plaintiff's mother complained to Defendants Rivera and Ruiz and nothing was done. (SAC ¶ 23.)[6] However, knowledge *after the fact* cannot be casually linked to previously committed constitutional violations. *Starr*, 652 F.3d at 1218 ("plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury"). For example, another district court held that plaintiffs attempt to establish a causal link between subordinate and defendant supervisors by alleging plaintiffs complained about subordinates conduct and complaints were ignored were insufficient because Plaintiffs "fail[ed] to allege that these complaints were communicated in time for [defendant

---

[6] The complaint does not specify what Defendants Rivera and Ruiz did in response to this complaint but seem to imply some "assurances" about corrective action may have been made. (SAC ¶25.) As a result, it also cannot be inferred from the complaint that there was acquiescence or a knowing refusal to terminate a series of actions by others. *See Starr*, 652 F.3d at 1207-08. Nor are the facts as detailed as those alleged in *Preschooler II*, a pre-*Iqbal* case, where supervisor liability survived the motion to dismiss. 479 F.3d at 1183 ("The Amended Complaint details the allegations of abuse, the role of the School Officials, the knowledge and reporting duty of the officials, and their failure to report or take corrective action. Preschooler II alleges that the School Officials ratified a custom that subjected Preschooler II to an educational environment in which he was physically and emotionally abused, in part by failing to train special education teachers, or to hire qualified individuals to work in special education classrooms. He also alleges that the officials abdicated their duty to report and discipline [abusive teacher] when they first became aware of the alleged abuses"). The complaint here does not contain any allegations about reporting duties of Defendants Rivera and Ruiz nor is there enough factual content to support a ratification theory of liability for these supervisory defendants. *See, e.g., Peschel v. City of Missoula*, 686 F. Supp. 2d 1092, 1104 (D. Mont. 2009) ("in limited circumstances, a supervisor's subsequent 'ratification' of a subordinate's conduct can subject the supervisor to liability under § 1983. . . . Those circumstances, however, require more than a mere ratification by itself. The supervisor must have set in motion the events and actions which led to the subordinate officers' violations of the plaintiff's constitutional rights") (citation omitted).

supervisors] to stop [subordinate] from allegedly violating Plaintiffs' constitutional rights" and "Plaintiffs [did] not allege that [subordinate] committed any constitutional violations after Plaintiffs made their complaint." *Wise v. Nordell*, No. 12-CV-1209-IEG BGS, 2012 WL 3959263, at *9 (S.D. Cal. Sept. 10, 2012); *see also Sanchez v. Brunson*, No. 09-5068RJB/JRC, 2009 WL 2390344, at *3 (W.D. Wash. July 29, 2009) *report and recommendation adopted* (holding the "allegations fail as a matter of law" where supervisor "was informed of the alleged wrongs *after the fact*" and "failed to take corrective actions") (emphasis added); *Jones v. County of Sacramento*, No. CIV. 2:09-1025WBSDAD, 2010 WL 2843409, at *7 (E.D. Cal. July 20, 2010) (granting summary judgment as to supervisor defendants and noting that "after *Iqbal,* it is questionable whether a supervisor's subsequent acquiescence in an officer's misconduct would even be relevant in determining whether a supervisor is liable under § 1983"). Furthermore, the vague allegations that the harassment and discrimination continued despite Plaintiff's mother's complaints (SAC ¶ 24) are not sufficient to state a claim that supervisor Defendants' conduct had a causal link to the specifically alleged (prior) constitutional violations.

The complaint does not show that either supervisor Defendant's conduct had a "sufficient causal connection" with a constitutional violation or that they "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and [was] the moving force of the constitutional violation." *Hansen*, 885 F.2d at 646 (internal quotation marks omitted). Accordingly, these allegations are insufficient to give rise to a plausible claim for supervisor liability against Defendants Rivera and Ruiz and the claims are dismissed as to these Defendants. Because Plaintiff has not had the opportunity to amend to address this issue, Plaintiff is granted leave to amend with respect to only this issue.[7]

---

[7] The allegations in the multiple iterations of the complaint have lacked clarity and specificity. Plaintiff is advised that further conclusory allegations like those that appear throughout the complaint as to the supervisory Defendants (*see e.g.*, SAC ¶¶ 11-12, 15, 17, 21, 26, 49) will not cure the

14

## V. **CONCLUSION AND ORDER**

For the reasons set forth above, the Court DENIES Defendants' motion to dismiss the fifth cause of action but GRANTS the motion as to supervisor Defendants Rivera and Ruiz. Plaintiff shall file any amended complaint within twenty (20) days of electronic service of this Memorandum Decision and Order.

IT IS SO ORDERED.

    Dated: __April 9, 2018__              __/s/ Lawrence J. O'Neill___
                                               UNITED STATES CHIEF DISTRICT JUDGE

---

deficiency as to these § 1983 claims against Defendants Rivera and Ruiz. *See Chavez*, 683 F.3d at 1110-11 (dismissing Fourth Amendment *Bivens* supervisor claims where Plaintiff only alleged that "'at various times,' they complained to these defendants" and did not specify whether they complained to any defendant more than once or what the nature of the complaints were). Nor is it clear that Plaintiff will be able to show that Defendants Rivera and Ruiz's conduct was somehow the proximate cause of the alleged violation of Plaintiff's constitutional rights. If Plaintiff decides to amend the complaint, counsel is cautioned in light of Fed. R. Civ. P. 11 to keep the legal standard in mind and to clarify what theory of supervisory liability she is pleading. Plaintiff is advised that this will be the last opportunity to amend, an opportunity that should not be exercised unless facts actually exist to satisfy the requirements under the law.