**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| S.V., a minor, by and through her Guardian ad Litem, CLAUDIA VALENCIA, <br><br> Plaintiff, <br><br> v. <br><br> DELANO UNION ELEMENTARY SCHOOL DISTRICT, et al., <br><br> Defendant. | Case No.: 1:17-cv-00780-LJO-JLT <br><br> FINDINGS AND RECOMMENDATIONS GRANTING APPROVAL OF THE COMPROMISE ON BEHALF OF MINOR PLAINTIFF S.V. <br> (Doc. 64) |

In this action, S.V., a minor, by and through her guardian ad litem, Claudia Valencia, claimed that her fifth grade teacher, Michelle Pelayo, bullied her and humiliated her in front of the class. The plaintiff seeks the Court's approval for the settlement. (Doc. 64.) Because the Court finds the proposed settlement of the child's claims to be fair and reasonable, the Court recommends that the minor's compromise be approved.[1]

## I.     Factual and Procedural History

Plaintiff, who is a student with an intellectual disability, was enrolled in Delano Union Elementary School District ("District"), participating in both special education as well as non-special

---

[1] The plaintiff requests the settlement be approved without a hearing due to Ms. Valencia's responsibility to take care of her three children, including child S.V., the subject of this action. Because the motion is unopposed and because the amended petition adequately sets forth the information required under Local Rule 202(b), there is good cause to approve the settlement without a hearing.

1

education classes. (Doc. 34 at 6.) The complaint alleges that one of Plaintiff's teachers, Michelle Pelayo, "threat[ed], discriminate[d] [against], humiliate[d], and degrade[d] students." *Id.* It is also alleged that other Defendants, including the District, Superintendent Rosalina Rivera, and Principal Anna Ruiz "knew or reasonably should have known that Defendant Pelayo had been, and/or was aggressive, discriminatory, threatening and/or abusive towards students," and that these Defendants were "deliberately indifferent and/or inadequately and improperly responded, failed to respond, control[], supervise[], monitor[], discipline[], warn and/or take adequate precautions" in connection with Pelayo's conduct. (Doc. 34 at 6-7.)

This case was removed from the Superior Court for the County of Kern based on federal question jurisdiction. (Doc. 1 at 2.) Defendants then moved to dismiss the fifth cause of action's civil conspiracy claims under 42 U.S.C. § 1983 and California Code of Civil Procedure §377.30 (Doc. 7), and the Court granted the motion with leave to amend. (Doc. 17.) Plaintiff filed a first amended complaint on September 1, 2017 (Doc. 18), and Defendants again moved to dismiss the fifth cause of action's conspiracy claims. (Doc. 21.) The Court granted the motion without leave to amend because Plaintiff failed to include any additional factual allegations to support her civil conspiracy claims after the Court had already directed Plaintiff that the original factual allegations were insufficient to support the cause of action. (Doc. 28.) Additionally, the Court ordered the Plaintiff to show cause why newly added claims in the first amended complaint's fifth cause of action for "Violation of the Equal Protection and Excessive Force Clauses" of the Fourteenth Amendment should be permitted since Plaintiff added such claims to the first amended complaint without consent of opposing counsel or the Court, contrary to Federal Rules of Civil Procedure, Rule 15. (Doc. 28 at 3-5.)

Plaintiff responded to the order to show cause and requested leave to amend the complaint. (Doc. 29.) The Court granted Plaintiff leave to amend and Plaintiff filed a second amended complaint which amended the fifth cause of action to state § 1983 claims for "Unreasonable Seizure, Excessive Force and Equal Protection" violations under the Fourth and Fourteenth Amendments. (Docs. 33, 34.)

The Plaintiff asserted six causes of action in the second amended complaint: (1) breach of mandatory duty pursuant to California Government Code § 815.6; (2) violation of the Plaintiff's rights under the Ralph Civil Rights Act, California Government Code § 51.7 et. seq.; (3) violation of

Plaintiff's rights under the Unruh Civil Rights Act, California Civil Code § 51 et. seq.; (4) negligence pursuant to California Government Code §§ 815.2, 815.6, and 820; (5) violation of the unreasonable seizure, excessive force and Equal Protection Clauses of the Fourth Amendment and Fourteenth Amendments pursuant to 42 U.S.C. §§ 1983, 1988; and (6) intentional infliction of emotional distress under California Law. (Doc. 34 at 2-3.) In response to Defendants' motion to dismiss the fifth cause of action in the second amended complaint, the Court denied the motion except as to supervisory defendants Rivera and Ruiz. (Doc. 43.)

On May 14, 2019, Plaintiff filed a notice of settlement indicating that the parties reached a settlement after a mediation session held on April 11, 2018. (Doc. 62.) Accordingly, the Court ordered the parties to file a petition for approval of the minor's compromise. (Doc. 63.) On June 14, 2019, the plaintiff filed a petition for approval of the minor's compromise. (Doc. 64.)

## II. Settlement Approval Standards

No settlement or compromise of "a claim by or against a minor or incompetent person" is effective unless it is approved by the Court. Local Rule 202(b). The purpose of requiring the Court's approval is to provide an additional level of oversight to ensure that the child's interests are protected. Toward this end, a party seeking approval of the settlement must disclose:

> the age and sex of the minor, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount . . . was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

Local Rule 202(b)(2).

The Ninth Circuit determined that Federal Rule of Civil Procedure 17(c) imposes on the Court the responsibility to safeguard the interests of child-litigants. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). Thus, the Court is obligated to independently investigate the fairness of the settlement even where the parent has recommended it. *Id.*, at 1181; *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian

3

ad litem"). Rather than focusing on the amount of fees to be awarded, the Court must evaluate whether the net amount to the child is fair and reasonable "without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel" and "in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181-1182.

### III. Discussion and Analysis

The petition for approval of the settlement reached on behalf of the child S.V. sets forth the information required by Local Rule 202(b)(2). S.V. is a minor, born on February 18, 2004. (Doc. 64-1.) S.V. currently resides in Delano, California. *Id.* Plaintiff, through her guardian ad litem, asserts that the child's damages arise from bullying by a teacher, Michelle Pelayo, during the 2015 through 2016 academic school year. (Doc. 64 at 3-4.) The Plaintiff has agreed to accept $45,000.00 to resolve the case. (Doc. 64 at 4.)

#### A. Award to S.V.

The settlement funds will be paid by Self-Insured Schools of California in the amount of $45,000.00. (Doc. 64-1 at 9.) After the payment of the proposed attorney fees and costs, the child will receive $25,713.53 from the settlement. (Doc. 64 at 5.) The money will be deposited in a blocked account for the child's benefit. (Doc. 64 at 7.)

#### B. Proposed Attorney Fees and Costs

Out of the settlement proceeds, Plaintiffs' counsel will be awarded fees in the amount of $6,750.00 and costs in the amount of $12,536.47. (Docs. 64 at 5, 64-1 at 13-14.) Miguel Flores, counsel for S.V., reports that the plaintiff, through her mother, entered into a "contingency fee agreement [that] calls for an attorney fee in the amount of 25% of the gross recovery," but he reduced the fees charged in this case to 15% of the gross recovery. (Doc. 64-1 at 5.) Plaintiff's counsel reports the actions taken in connection with the resolution of the claim include:

1. Investigation of the facts and circumstances of the alleged bullying during the 2015-2016 school year in which S.V. was a fifth grade student at Del Vista Math and Science Academy;
2. Preparation of claim and complaint;
3. Depositions of witnesses familiar with the facts and circumstances of the case;

4. Review of school records;

5. Meetings with clients;

6. Settlement negotiations; and

7. Preparation of closing documents including the preparation of the pending petition.

(Doc. 64-1 at 2-3.) Based upon the actions taken by counsel and the costs expended in the action—and the fact that Plaintiffs' guardian ad litem indicates her assent to the fees and costs requested (Doc. 64-2 at 2)—the Court finds the award is reasonable.

**C.     Recovery in Similar Actions**

As noted above, the Court must consider the outcome of similar cases to determine whether the sum to settle the children's claims is reasonable.  *See Robidoux*, 638 F.3d at 1181; *Salmeron*, 724 F.2d at 1363.  Although Petitioner did not identify any similar actions to support the approval of the minors' compromise, the Court finds the recovery is appropriate considering those received by minors in other actions.

For example, in *Walden v. Moffett*, 2007 U.S. Dist. LEXIS 70507, *2-4 (E.D. Cal. Sept. 26, 2007), the settlement for the child who was subjected to various forms of racial and religious discrimination while attending Sonora Elementary School from Kindergarten to fourth grade was $15,000.00. The court approved the minor's compromise and, after awarding attorney's fees, the net amount to be received by the child was $13,349.00. *Id*. at *7.

The settlement here approximates those amounts awarded to other minors who suffered similar distress caused by a school administrator or teacher while at school. *See, e.g.*, *A.M. v. San Juan Unified Sch. Dist.*, 2018 U.S. Dist. LEXIS 70576, *5-7 (E.D. Cal April 25, 2018) (finding fair and reasonable net settlement of $39,016.41 for minor's claims for emotional distress caused by actions of his teacher and behavioral aide); *P.H. v. Tehachapi Unified Sch. Dist.*, 2018 U.S. Dist. LEXIS 11671, *8 (E.D. Cal Jan. 23, 2018) (finding fair and reasonable a settlement of  $21,250.00 for claims by a minor with various disabilities for abuse and neglect by her teachers at school); *Castaneda v. Wendell*, 2007 U.S. Dist. LEXIS 35407, *4-8, 2007 WL 1322357 (E.D. Cal May 2, 2007) (approving minor's settlement in the amount of $32,939.53 for actions taken by the school's principal that caused embarrassment and humiliation).

Based upon the information provided in the motion and the supporting documents and considering the totality of the facts and circumstances of this case—and most particularly the excellent result achieved compared to similar actions—the Court finds the settlement agreement is fair, reasonable, and in the best interests of the child.

**IV. Findings and Recommendations**

Based upon the foregoing, the Court **RECOMMENDS** that the petition to approve settlement of the minor's claims be **APPROVED IN FULL** and that the parties be **DIRECTED** to file with the Court a stipulation for dismissal of the action with prejudice, and lodge a separate order, no later than 45 days after these findings and recommendations are adopted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 27, 2019**         **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE