UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.V., a minor, by and through her Guardian ad Litem, CLAUDIA VALENCIA,<br><br>Plaintiff,<br><br>v.<br><br>DELANO UNION ELEMENTARY SCHOOL DISTRICT, et al.,<br><br>Defendants. | No.: 1:17-cv-00780- LJO-JLT<br><br>ORDER DIRECTING PLAINTIFF'S GUARDIAN AD LITEM TO FILE SUPPLEMENTAL DOCUMENTATION IN SUPPORT OF MOTION TO WITHDRAW FUNDS<br><br>(Doc. No. 73) |

Before the court for decision is plaintiff's third request to withdraw from the blocked account established in minor plaintiff S.V.'s name as part of the settlement of this action. (Doc. No. 73.) For the reasons discussed below, the court orders plaintiff, through her guardian ad litem, Claudia Valencia, to provide supplemental documentation in support of the motion to withdraw funds designated for minor S.V.

**BACKGROUND**

In her underlying complaint, S.V. alleged that while she was in the fifth grade at Del Vista Math & Science Academy within Delano Union Elementary School District, she was verbally harassed in front of other students by one of her teachers who, among other things, used overtly discriminatory language to humiliate her. (Doc. No. 34.) In May 2019, S.V., through her guardian, entered into a settlement agreement to resolve this matter in its entirety. (Doc. No. 62.) Pursuant to that settlement agreement, defendants agreed to pay $45,000.00. (Doc. No. 64-1, Ex. 1 at 9.) After attorney's fees and

costs were awarded to plaintiff's counsel, $25,713.53 of the total settlement fund was placed in a blocked account for S.V., designated to remain there until she reaches the age of 18. (Doc. No. 64-3.) The settlement provides that the "money distributed to Plaintiffs shall be placed in a blocked account or otherwise permitted by the court in approving this minor's compromise." (Doc. No. 64-1, Ex. 1 at 9.) In petitioning for approval of the settlement, S.V.'s guardian ad litem (GAL), her mother Claudia Valencia, acknowledged on June 14, 2019, that "these funds may not be withdrawn before S.V. reaches the age of majority, 18 years old." (Doc. No. 64-2 ¶ 6.) Also contained in the petition for approval of settlement, plaintiffs requested the court to "issue an order that no withdrawal may be made from [the] blocked account *without further Court order* under this case number, signed by a judicial officer, and bearing the seal of this Court, until the minor, S.V., attains the age of 18 years old."[1] (Doc. No. 64 at 7 (emphasis added).)

On June 27, 2019, the assigned magistrate judge issued findings and recommendations, recommending that the petition to approve settlement of the minor's claims be approved in full. (Doc. No. 65 at 6.) On July 19, 2019, the previously assigned district judge adopted the findings and recommendations, granting the petition to approve settlement of the minor's claims. (Doc. No. 66.)

On September 3, 2019, Claudia Valencia filed a request to withdraw funds indicating that S.V.'s family has "personal matters" and that S.V. "needs money for her education, and essential necessities," but did not provide any other details in support of that request apart from indicating that Claudia Valencia's "husband's salary is not enough to support our family at this time." (Doc. No. 69.) The previously assigned district judge denied that request without prejudice. (Doc. No. 70.)

On September 26, 2019, Claudia Valencia filed a revised request, again seeking to withdraw $4,000.00 from the blocked account established in minor plaintiff S.V.'s name. (Doc. No. 71.) In the September 26, 2019 filing, Claudia Valencia indicated that: (1) she has a medical condition that prevents her from working; and (2) her husband was injured at work and had to be off work for an

---

[1] (*See also* Doc. No. 64-3 at 3) (plaintiff's proposed order requesting the court to order that "[n]o withdrawals of the principal or interest shall be made from the block[ed] account or accounts *without a written order* under this case name and number, signed by a judge, and bearing the seal of this Court, until the minor obtains the age of 18 years.") (emphasis added).

2

unspecified period of time beginning in September of this year; and (3) it was unclear at the time of her request whether her husband would receive workman's compensation benefits. (*Id*.) Claudia Valencia indicated that if her husband is unable to work and/or does not receive workman's compensation benefits, the family would be struggling to pay their upcoming expenses. (*Id*.) While the previously assigned district judge found Claudia Valencia's assertions of financial difficulty to be credible and expressed sympathy regarding the family's situation, the request for withdrawal was denied because "the minor's funds cannot be used to support the family." (Doc. No. 72.) The court indicated that "[t]o find otherwise would be to disregard the very reason why the funds were placed in a blocked account in the first place." (*Id*.)

In a letter dated July 12, 2020, S.V. now petitions the court to withdraw $5,000.00, indicating that she: (1) needs a new computer for school; and (2) wishes to purchase certain other, unspecified items and pay for driving classes because she wants to start her own business "and help my family because the pandemic really affected us." (Doc. No. 73.)

## DISCUSSION

No settlement or compromise of "a claim by or against a minor or incompetent person" is effective unless it is approved by the court. E.D. Cal. L.R. 202(b). The purpose of requiring the court's approval is to provide an additional level of oversight to ensure that the child's interests are protected. *See R.D.G. v. City of Bakersfield*, No. 1:13-cv-02057-JLT, 2015 WL 5732615, at *1 (E.D. Cal. Sept. 28, 2015). "Federal courts generally require that claims by minors . . . be settled in accordance with applicable state law." *Walden v. Moffett*, No. 1:04-cv-6680-LJO-DLB, 2007 WL 2859790, at *3 (E.D. Cal. Sept. 20, 2007); *MAP v. City of Bakersfield*, No. 1:08-cv-0540-DLB, 2009 WL 179771, at *2 (E.D. Cal. Jan. 23, 2009). In California, a settlement or compromise of a minor's claim is not enforceable without court approval. Cal. Prob. Code §§ 2504, 3611; Cal. Civ. Proc. Code § 372 ("The . . . guardian ad litem so appearing for any minor . . . shall have power, with the approval of the court in which the action or proceeding is pending, to compromise the same . . . ."). Further, under California law, a court may order that:

> [T]he remaining balance of any money paid or to be paid be deposited in an insured account in a financial institution in this state . . . subject to withdrawal only upon authorization of the court, and that the remaining balance of any other property delivered

3

or to be delivered be held on conditions the court determines to be in the best interests of the minor or person with a disability.

Cal. Prob. Code § 3611(b) (emphasis added).

"Under a blocked account, the proceeds are ordered deposited with a bank . . . or like financial institution, *with any withdrawals subject to prior court approval during the child's minority*." Haning, Flahavan, Cheng & Wright, Cal. Prac. Guide: Pers. Inj. Ch.4-G, § 4:1532 (Sept. 2019 update) (citing Cal. Prob. Code §§ 3413(a), 3611(b); Cal. R. Ct. 3.1384(b) ("An order for the . . . petition for the withdrawal of . . . [a minor's] funds, must comply with rules 7.953 and 7.954"), 7.953 & 7.954); *cf. Christensen v. Super. Ct.*, 193 Cal. App. 3d 139, 144 (1987) ("Certainly the court has a duty to protect the minor's property from wrongful dissipation by a parent. But the need for doing so should be evaluated in each case and the method of safeguarding should be tailored to the circumstances."); *McCue v. South Fork Union Sch. Dist.*, No. 1:10-cv-00233-LJO-MJS, 2012 WL 2995666, at *6 (E.D. Cal. July 23, 2012) (noting court would be receptive to alternative distribution structure where minor's net settlement funds were placed in "blocked savings account subject to withdrawal before age 25 only for educational purposes" to "protect the minor from a young adult's often immature judgment"). For the withdrawal of funds deposited for a minor, the California Rules of Court require that the petition "must be verified and must include the identity of the depository, a showing of the amounts previously withdrawn, a statement of the balance on deposit at the time of the filing of the petition, and a justification for the withdrawal." Cal. R. Ct. 7.954(a). Rule 7.954(b) further provides that a "petition for the withdrawal of funds may be considered *ex parte* or set for a hearing at the discretion of the court." *Id.* at R. 7.954(b).

Here, the previously assigned district judge approved the settlement of the minor's claims. (Doc. Nos. 65, 66.) Pursuant to the settlement, the court ordered the funds designated for S.V. to be placed in a blocked account until she reaches age 18. (*See id.*) As noted above, on July 12, 2020, S.V. petitioned the court to withdraw $5,000 to pay for a new computer for school, to purchase certain other unspecified items, and to pay for driving classes because she wants to start her own business "and help [her] family because the pandemic really affected [them]." (Doc. No. 73.)

The petition for the withdrawal of funds has been verified by plaintiff, S.V, but not plaintiff's GAL, Claudia Valencia. (Doc. No. 73.) The court therefore directs GAL Claudia Valencia to submit a petition for the withdrawal of funds for S.V., which shall include Claudia Valencia's signature. Cal. R. Ct. 7.954(a). While S.V. includes her account number in the petition, S.V.'s petition fails to include the identity of the depository as required under California Rule of Court 7.954(a). (*See generally* Doc. No. 73.) The court therefore directs plaintiff, through her GAL, to submit the requested information identifying the name and address of the financial institution in which her settlement funds are held. In her supplemental filing, Claudia Valencia should also indicate the account number, the amounts previously withdrawn from the account—which the court understands is $0—and the current account balance, including any interest that may have accrued. Cal. R. Ct. 7.954(a).

Finally, the undersigned is sympathetic to S.V.'s family's difficulties and recognizes the impact the Covid-19 crisis has had on schools, with many requiring distance learning. Therefore, the court finds adequate justification for the withdrawal of funds to purchase a computer for S.V, as doing so would be in the minor's best interests. *See* Cal. Prob. Code § 3611(b); Cal. R. Ct. 7.954(a); *cf. Christensen*, 193 Cal. App. 3d at 144 ("Certainly the court has a duty to protect the minor's property from wrongful dissipation by a parent. But the need for doing so should be evaluated in each case and the method of safeguarding should be tailored to the circumstances."); *McCue,* No. 1:10-cv-00233-LJO-MJS, 2012 WL 2995666, at *6 (noting prospective approval of alternative distribution structure where minor's net settlement funds would be placed in "blocked savings account subject to withdrawal before age 25 only for educational purposes"). Accordingly, the court will allow plaintiff, through her GAL, to withdraw up to $1,000 of funds from the blocked account to purchase a computer. Before the court orders the release of the funds, plaintiff, through her GAL, is directed to submit supplemental documentation identifying the computer plaintiff wishes to purchase, the price of the computer, and the company from which she plans to purchase the computer. The court will then order the specified amount of funds to be available for plaintiff's GAL's withdrawal, not exceeding $1,000.

The court also finds adequate justification for S.V.'s need to enroll in driving school classes. However, the petition does not indicate how much funds S.V. will need to enroll in the classes. Therefore, the court directs plaintiff, through her GAL, to submit supplemental documentation

identifying the driving class in which she plans to enroll and the cost of the classes. The court will then order the specified amount of funds to be available for plaintiff's GAL's withdrawal.

Finally, the petition includes a request for funds so that S.V. may start her own business without specifying any information regarding the potential business. The court does not find plaintiff's request with respect to her planned business to be adequately justified. Therefore, the court will deny S.V.'s petition to withdraw funds from the blocked account for purposes of starting her own business without prejudice.

For the foregoing reasons, the court orders:

1. Plaintiff, through her GAL Claudia Valencia, to submit supplemental documentation including:
    a. A petition for the withdrawal of funds signed by Claudia Valencia;
    b. The (i) name and (ii) address of the financial institution from which plaintiff seeks to withdraw funds from the blocked account, (iii) the account number, (iv) any amounts previously withdrawn, and (v) the current account balance;
    c. Identification of the computer plaintiff wishes to purchase, the cost of the computer, and the company from which plaintiff plans to purchase the computer; and
    d. Identification and cost of the driving class in which plaintiff plans to enroll.
2. The Clerk of Court is directed to serve this order by mail to plaintiff S.V. and her guardian ad litem, Claudia Valencia, to the address indicated in Doc. No. 73 at 1.

IT IS SO ORDERED.

Dated:   **August 3, 2020**                          _____/s/ Dale A. Drozd_____
                                                    UNITED STATES DISTRICT JUDGE